UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDUARDO BENEVIDES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1232 (CKK) |
| | ) | |
| UNITED STATES MARSHALS SERVICE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## FEDERAL DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Department of Justice,[1] by and through the United States Attorney for the District of

Columbia, respectfully moves this Court for summary judgment on the grounds that there are no

material facts in dispute and that defendant is entitled to judgment in its favor as a matter of law.

Fed. R. Civ. P. 56.  In support of this motion for summary judgment, defendant submits the

declaration of William E. Bordley, Associate General Counsel and Freedom of Information/

Privacy Act Office of the U.S. Marshals Service, assigned to the Headquarters, Office of General

Counsel Arlington, Virginia.

Plaintiff should take notice that any factual assertions contained in the accompanying

affidavit and other attachments in support of defendant's motion will be accepted by the Court as

true unless the plaintiff submits his own affidavit or other documentary evidence contradicting

the assertions in defendant's attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992),

---

[1]Plaintiff has sued the United States Marshals Service ("USMS").  However, the only proper defendant under the FOIA in this case is the U.S. Department of Justice; the USMS is the component of the Department of Justice that maintains the files at issue.  5 U.S.C. §§ 552(a)(4)(B) and (f)(1). Thus, the Department of Justice should be substituted as the sole defendant in this action.

Case 1:07-cv-01232-CKK    Document 16    Filed 11/26/2007    Page 2 of 16

Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith.  The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.  When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials
> of the adverse party's pleading, but the adverse party's response,
> by affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial.  If the
> adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDUARDO BENEVIDES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1232 (CKK) |
| ) | |
| UNITED STATES MARSHALS SERVICE, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

MEMORANDUM IN SUPPORT OF FEDERAL
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. **Introduction**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and

pertains to plaintiff's May 2006 FOIA request to the U.S. Marshals Service. As set forth herein

and in the Declaration of William E. Bordley, Associate General Counsel and Freedom of

Information/Privacy Act Office of the U.S. Marshals Service ("USMS"), Headquarters, Office of

General Counsel Arlington, Virginia ("Bordley Decl."), federal defendant has established that it

is entitled to summary judgment.

## II. **Factual and Procedural Background**

By letter, dated May 22, 2006, plaintiff made the following request to Mr. Lafayette

Collins, Marshal, 655 E. Durango Suite 235, San Antonio, Texas, 78206. Bordley Decl. at ¶ 2 &

Attachment A, thereto:

1. Medical Records, to include the medication dispensing charts.
2. All grievances filed on Step 1 and Step 2.

3.  I would also like to have <u>REVIEW</u> of the medical standards adopped [sic] by GEO.[2]
4.  A copy of Any and All Reports prepared by your Agency in determining whether GEO has been in compliance with the contractual Agreement, for the years 2005-2006.
5.  A copy of All "final" inspections Reports showing that GEO has been in compliance with the Contractual Agreement for the years 2000 to 2006.

The U.S. Marshals office in San Antonio, Texas, forwarded plaintiff's request letter and contractual agreements to USMS Headquarters for FOIA processing by letter dated June 15, 2006. <u>Id</u>.

By letter, dated July 6, 2006, the USMS notified plaintiff that plaintiff's FOIA request was received and a search for responsive records had been commenced.  Bordley Decl. at ¶ 3 & Attachment B, thereto.

A search of the Witness Security Prisoner Operations Division ("WPD") at the USMS was conducted.  The WPD was the division of the USMS responsible for overseeing the detention of USMS prisoners prior to their conviction and designation to a federal facility. The search of the WPD records located records responsive to Item 5 of the plaintiff's request (*i.e.,* "all 'final' inspection reports showing that GEO has been in compliance with the contractual agreement for the years 2000-2006.").  <u>Id</u>. at ¶ 4.  On December 1, 2006, plaintiff was notified that the USMS had completed its search and twelve (12) pages of records were being released as follows: ten pages (10) in their entirety and two (2) pages with minimal redactions pursuant to FOIA exemptions 2 and 7(C).  Plaintiff was also notified to correspond with GEO for any non-federal records which may be responsive to plaintiff's request.  <u>Id</u>. at ¶ 5 & Attachment C, thereto.  Plaintiff filed an administrative appeal regarding this release on March

---

[2] "GEO" represents the Global Expertise in Outsourcing Corp., an organization that contracts with the USMS in confining inmates under federal custody. R. 1 at ¶ 1.

2

16, 2007.  Id. at ¶ 6 & Attachment D, thereto.

In addition to the WPD, the USMS office in the Western District of Texas was searched.

Id. at ¶ 7.  Nineteen (19) additional pages pertaining to inspection reports for the GEO facility

were located in that office.  Id.  By letter dated November 20, 2007, the USMS made a

supplemental release of the nineteen pages with limited information redacted and withheld

pursuant to FOIA exemptions 2 and 7(C).  Id. at ¶ 8 and Attachment E, thereto.  In addition, on

November 2, 2007, the USMS released forty-five (45) pages of Intergovernmental Service

Agreements and Modifications (the "GEO" contract agreements) to plaintiff pursuant to another

FOIA request, also with limited redactions.  Id. at ¶ 7, ¶ 11 and Attachment F, thereto.

A description of the pages released with redactions is found at pp. 6-7 of Mr. Bordley's

declaration.  For the Court's convenience, it is repeated below:

| | | |
|---|---|---|
| Item 1: | USMS Detention Facility Investigation Report dated 6/12/06 **Exemption 2 - Removed facility security staffing allocations; Exemption 7(C) - Removed names and information Identifiable to USMS personnel and third party law enforcement officer** | 2 |
| Item 2: | USMS Detention Facility Investigative Report dated 9/14/07 **Exemption 2 - Removed facility security staffing allocations; Exemption 7(C) - Removed names and information Identifiable to USMS personnel and third party law enforcement officer** | 3 |
| Item 3: | Texas Commission on Jail Standards, Central Texas Parole Violators Facility, San Antonio, Texas - County Jail Inspection Reports Dated July 14-15, 1999; and June 28-29, 2001 **Exemption 7(C) - Removed names of state employees** | 2 |

**Intergovernmental Service Agreement (IGA) and Modification - Released November 2, 2007 with Information Deleted and Withheld**

| | | |
|---|---|---|
| Item 4: | IGA (Form USM-241) - Bexar County Adult Detention Center, San Antonio, Texas, dated 8/1/96 | 1 |

3

> **Exemption 2 - Removed the facility security staffing allocation**
> When guarding and moving prisoners

Item 5:    Modification of IGA (Form USM-241a) - Guadalupe County Jail,    2
           Sequin, Texas, dated 1/1/06 (w/duplicate)
           **Exemption 2 - Removed the facility security staff allocation**

Bordley Decl. at ¶ 11 (emphasis in text).

## III.  Argument

A.  Standard of Review.

Summary judgment may be granted if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In Celotex Corp. v. Catrett , 477 U.S. 317, 327 (1986), the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved.  See Cooper Cameron Corp. v. Dep't. of Labor, 238 F.3d 539, 543 (5th Cir. 2002).

Summary judgment is available to a defendant in a FOIA case if the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester.  Miller v. Department of State, 779 F.2d 1378, 1382 (8th Cir.1985) (*citing* Weisberg v. Department of Justice, 705 F.2d 1344, 1350 (D.C. Cir.1983)).  To discharge its FOIA obligations, the agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Goland v. CIA, 607 F.2d 339, 352  (D.C. Cir.1978), cert. denied, 445 U.S. 927 (1980), quoting

4

National Cable Television Ass'n. Inc. v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973).  The agency

may sustain its burden by submitting detailed affidavits that identify the documents at issue and

explain why they fall under the claimed exemptions.  See Summers v. Dept. of Justice, 140 F.3d

1077, 1080 (D.C. Cir. 1998); Miller v. United States Dep't of State, 779 F.2d at 1382.

Agencies establish that all of their obligations under the FOIA have been met through

declarations.  Thus, when the pleadings, supplemented by affidavits or declarations, show no

genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law,

summary judgment should be granted to the defendant.  Perry v. Block, 684 F.2d 121 (D.C. Cir.

1982).

The Declaration of William E. Bordley submitted in support of this motion describes the

search for records.  The records of the USMS component responsible for overseeing the

detention of USMS prisoners prior to their conviction and designation to federal facilities, i.e.,

the Witness Security Prisoner Operations Division, was searched.  Id. at ¶ 4.  In addition to this

search, the USMS office in the Western District of Texas was also searched.  As described in

Section B, below, the Department satisfied its burden under the law to conduct a reasonable

search and, accordingly, summary judgment is warranted.

B.  The Department of Justice (USMS) Conducted an Adequate Search.

In responding to a FOIA request an agency is under a duty to conduct a reasonable search

for responsive records.  Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990);

Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C.

1993); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983).  This

"reasonableness" standard focuses on the method of the search, not its results, so that a search is

5

not unreasonable simply because it fails to produce relevant material.  Wesiberg, 844 F.Supp. at 777 n.4.

The search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located.  Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).  "'[T]he search need only be reasonable; it does not have to be exhaustive.'" Miller v. Dept. of State, 779 F.2d at 1383 (*citing* National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)).  An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located.  Oglesby, 920 F.2d at 68.  Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent.  Nation Magazine, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993).  Simply stated the adequacy of the search is "dependent upon the circumstances of the case."  Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990).  The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (*quoting* Weisberg v. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926

F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland, 607 F.2d at 352. Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" Carney v. Dept. of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (quoting SafeCard Servs. v. SEC, 926 F.2d at 1200), the burden rests with the agency to demonstrate the adequacy of its search. Once the agency has met this burden through a showing of convincing evidence, then the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. Miller, 779 F.2d at 1383.

In this case, as the Bordley Declaration evidences a reasonable search was conducted. As Mr. Bordley stated, the USMS searched the WPD at the Headquarters. This office would have housed any records relating to facilities which housed USMS prisoners prior to their conviction and designation to a federal facility, the case here. That search located 12 responsive records. In addition to searching the WPD, the USMS also searched its office in the Western District of Texas, the area to which plaintiff directed his FOIA request. This search located 19 responsive records. In addition, forty-five pages of related documents, *i.e.*, contractual agreements and modifications, were also located as a result of another FOIA request filed by plaintiff.

    C.  Redactions were Properly Made Pursuant to Exemptions 2 and 7(C).

        1.  FOIA Exemption (b)(2)

Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. 5 U.S.C. § 552(b)(2). This exemption protects the internal agency matters so routine or trivial that they could not be "subject to . . . a

genuine and significant public interest." <u>Department of the Air Force v. Rose</u>, 425 U.S. 352

(1976); <u>see</u> <u>also</u> <u>Crooker v. ATF</u>, 670 F.2d 1051 (D.C. Cir. 1981); <u>Delta Ltd. V. U.S. Customs &</u>

<u>Border Protection</u>, 384 F.Supp.2d 138, 148 (D.D.C. 2005). It also protects the disclosure of

information that would risk the circumvention of a statute or agency regulation. <u>Department of</u>

<u>Air Force v. Rose</u>, 425 U.S. 364, 369; <u>Crooker v. ATF</u>, at 670 F.2d at 1073-74; <u>Voinche v. FBI</u>,

940 F. Supp. 323, 328 (D.D.C. 1996). In this case, Exemption (b)(2) was asserted to withhold

the "security **staffing allocation** within the facility , . .  information provided by official jail

sources in a candid exchange of information between the jail and the USMS." Bordley Decl. at ¶

9 (emphasis added). As Mr. Bordley explains:

> [d]isclosure of such information increases the risk of disturbances and attempts to
> escape from jail, take hostages, fashion and conceal weapons, smuggle
> contraband, and injure staff or other prisoners, and could endanger the safety of
> law enforcement personnel, prisons, and members of the public if the information
> was publicly known.

<u>Id</u>. Mr Bordley also notes that there is no legitimate public interest in this purely internal

information and the disclosure of the such information "would impair the effectiveness of the

inspection and contracting process by chilling cooperation by jail administrators." <u>Id</u>.

Accordingly, the USMS properly asserted exemption 2 to protect the redacted records.

## 2.  <u>FOIA Exemption (b)(7)(C)</u>.

FOIA Exemption (b)(7)(C), protects from public disclosure information compiled for law

enforcement purposes, if such disclosure could reasonably be expected to constitute an

unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C). This exemption was

asserted, as Mr. Bordley explains, to protect "the names and information identifiable to USMS

and state employees who performed the inspection; and [to] a non-federal law enforcement

officer." Bordley Decl. At ¶ 10.   All records in question were compiled by the USMS pursuant to its law enforcement responsibilities related to the housing and safekeeping of federal prisoners. Id.; see 28 C.F.R. Sections 0.111(k), (o).  Id.  This Circuit has found a strong privacy interest inherit in law enforcement records. SafeCard Services v. SEC, 926 F.2d 1197 (D.C. cir. 1991).  Information identifying third parties will ordinarily withheld under Exemption 7(C) in such records.  U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989).  This protection is significant; it has been applied categorically even to those third parties  assumed to be deceased.  Blanton v. U.S. Dep't of Justice, 64 F. App'x 787, 789 (D.C. Cir. 2003).  Accordingly, the identifying information was properly protected pursuant to Exemption 7(C).

  D.  Segregability.

  As the Bordley Declaration shows, only limited information was withheld from the documents that were released in redacted form to the plaintiff.  This information consisted of "security staff allocations," names and information identifiable to USMS personnel and third party law enforcement officers, and names of state employees.  See Bordley Decl. at ¶ 11.  No other information was withheld.  Accordingly, there is sufficient evidence in the Bordley Declaration for this Court to make an express finding on segregability. Trans-Pac. Policing Agreement v. U.S. Customs Serv., 177 F.3d 1022, 1028 (D.C. Cir. 1999).

# CONCLUSION

Accordingly, Defendant's motion for summary judgment should be granted.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDUARDO BENEVIDES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 07-1232 (CKK) |
| | ) |
| UNITED STATES MARSHALS SERVICE, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1.  By letter, dated May 22, 2006, plaintiff made the following request to Mr. Lafayette

Collins, Marshal, 655 E. Durango Suite 235, San Antonio, Texas, 78206.  Bordley Decl. at ¶ 2 &

Attachment A, thereto:

> 1.  Medical Records, to include the medication dispensing charts.
> 2.  All grievances filed on Step 1 and Step 2.
> 3.  I would also like to have <u>REVIEW</u> of the medical standards adopped [sic] by GEO.
> 4.  A copy of Any and All Reports prepared by your Agency in determining whether
> GEO has been in compliance with the contractual Agreement, for the years 2005-2006.
> 5.  A copy of All "final" inspections Reports showing that GEO has been in compliance
> with the Contractual Agreement for the years 2000 to 2006.

2.  The U.S. Marshals office in San Antonio, Texas, forwarded plaintiff's request letter

and contractual agreements to USMS Headquarters for FOIA processing by letter dated June 15,

2006.  Id.

3. A search of the Witness Security Prisoner Operations Division ("WPD") at the USMS

was conducted.  The WPD was the division of the USMS responsible for overseeing the

detention of USMS prisoners prior to their conviction and designation to a federal facility.

The search of the WPD records located records responsive to Item 5 of the plaintiff's request

(*i.e.*, "all 'final' inspection reports showing that GEO has been in compliance with the contractual agreement for the years 2000-2006"). Id. at ¶ 4.

4. On December 1, 2006, plaintiff was notified that the USMS had completed its search and twelve (12) pages of records were being released as follows: ten pages (10) in their entirety and two (2) pages with minimal redactions pursuant to FOIA exemptions 2 and 7(C). Plaintiff was also notified to correspond with GEO for any non-federal records which may be responsive in plaintiff's request. Id. at ¶ 5 & Attachment C, thereto.

5. Plaintiff filed an administrative appeal on regarding this release on March 16, 2007. Id. at ¶ 6 & Attachment D, thereto.

6. In addition to the WPD, the USMS office in Western District of Texas was searched. Id. at ¶ 7. Nineteen (19) additional pages pertaining to inspection reports for the GEO facility were located in that office. Id. By letter dated November 20, 2007, the USMS made a supplemental release of the nineteen pages with limited information redacted and withheld pursuant to FOIA exemptions 2 and 7( C). Id. at ¶ 8 and Attachment E, thereto.

7. On November 2, 2007, the USMS released forty-five (45) pages of Intergovernmental Service Agreements and Modifications (the "GEO" contract agreements) to plaintiff pursuant to another FOIA request, also with limited redactions. Id. at ¶ 7, ¶ 11 and Attachment F, thereto.

8. A description of the withheld records are as follows:

Item 1:     USMS Detention Facility Investigation Report dated 6/12/06          2
            **Exemption 2 - Removed facility security staffing allocations;
            Exemption 7(C) - Removed names and information
            Identifiable to USMS personnel and third party law
            enforcement officer**

Item 2:     USMS Detention Facility Investigative Report dated 9/14/07          3
            **Exemption 2 - Removed facility security staffing allocations;**

**Exemption 7(C) - Removed names and information Identifiable to USMS personnel and third party law enforcement officer**

Item 3:       Texas Commission on Jail Standards, Central Texas Parole Violators Facility, San Antonio, Texas - County Jail Inspection Reports Dated July 14-15, 1999; and June 28-29, 2001     2
**Exemption 7( C) - Removed names of state employees**

**Intergovernmental Service Agreement (IGA) and Modification - Released November 2, 2007 with Information Deleted and Withheld**

Item 4:       IGA (Form USM-241) - Bexar County Adult Detention Center,   1 San Antonio, Texas, dated 8/1/96
**Exemption 2 - Removed the facility security staffing allocation**
When guarding and moving prisoners

Item 5:       Modification of IGA (Form USM-241a) - Guadalupe County Jail,  2 Sequin, Texas, dated 1/1/06 (w/duplicate)
**Exemption 2 - Removed the facility security staff allocation**

Bordley Decl. at ¶ 11 (emphasis in text).

9.  FOIA exemptions 2 and 7(C) were asserted to withhold security staff allocations and names of USMS personnel, state employees and law enforcement personnel. See Id.

Respectfully submitted.

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

2

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion, statement of material facts, supporting declaration and proposed order were served by First-Class Mail, postage prepaid to:

EDUAARDO BENEVIDES
#89008-132
LAREDO JAIL
218 S. Laredo
San Antonio, TX 78207

on this _26th_ day of November, 2007.

                                         /s/
                            _____

                            CLAIRE WHITAKER
                            Assistant United States Attorney
                            United States Attorney's Office
                            555 4th Street, N.W.
                            Room E-4204
                            Washington, D.C. 20530
                            (202) 514-7137

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDUARDO BENAVIDES,                   )
                                     )
          Plaintiff                  )
                                     )
     v.                              )      Case No: 07-1232 CKK
                                     )
U.S. MARSHALS SERVICE,               )
                                     )
                                     )
          Defendant.                 )
                                     )

## DECLARATION

I, WILLIAM E. BORDLEY, hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am an Associate General Counsel and Freedom of Information/Privacy Act Officer of the United States Marshals Service (USMS), assigned to the Headquarters, Office of General Counsel, Arlington, Virginia. I am experienced with the procedures for responding to requests made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a, for information maintained in the records and files of the USMS. The USMS Headquarters Office of General Counsel (OGC) is responsible for processing all FOI/PA requests made to any USMS office located throughout the United States pursuant to USMS policy.

## Background

2. By letter dated May 22, 2006, plaintiff submitted a request letter to the U.S. Marshals

office in San Antonio, Texas which was received by that office on May 30, 2006. The U.S.

Marshal's office in San Antonio, Texas forwarded plaintiff's request letter and contractual

agreements to USMS Headquarters for FOIA processing by letter dated June 12, 2006.

Plaintiff's request letter was subsequently received by the OGC on June 15, 2006, requesting a

copy of records from the GEO (Central Texas Detention Facility, San Antonio, Texas) to include:

(1) medical records, to include medication dispensing charts; (2) all grievances filed on Step 1

and Step 2; (3) review of medical standards adopted by GEO; (4) all reports prepared by the

USMS in determining whether GEO has been in compliance with the contractual agreement for

the years 2005 and 2006; and (5) all "final" inspection reports showing that GEO has been in

compliance with the contractual agreement for the years 2000 through 2006. (See Exhibit A).

　　3. By letter dated July 6, 2006, the USMS advised plaintiff that his request was received

and that it had commenced a search for responsive documents. (See Exhibit B).

　　4. The USMS conducted a search for records pursuant to plaintiff's request in the USMS

Witness Security Prisoner Operations Division (WPD) at USMS Headquarters. The search of

WPD was reasonably calculated to identify any records responsive to plaintiff's request because

that division of the USMS is responsible for overseeing the detention of USMS prisoners prior to

their conviction and designation to a federal facility. The search located records responsive to

item 5 of the request, no records responsive to items 1 through 4 of the request - seeking "records

from GEO" were located. As a result of the search, twelve pages of material responsive to

plaintiff's request were located in the WPD.

　　5. By letter dated December 1, 2006, the USMS responded to plaintiff's request,

informing him that after conducting a search of its files, the inspection report for the GEO Group

2

consisting of twelve pages had been located in response to plaintiff's request. Of this material, the USMS released twelve pages to plaintiff; ten pages were released in their entirety; and the remaining two pages were disclosed with minimal deletions pursuant to exemptions 2 and 7(C) of the Freedom of Information Act, 5 U.S.C. Section 552(b)(2) and (b)(7)(C). Plaintiff was also advised to direct his request to the GEO for any non-federal records which may be responsive to plaintiff's request. (See Exhibit C).

6. Plaintiff filed an administrative appeal of the USMS action on his request by letter dated March 16, 2007, and the Office of Information and Privacy (OIP), Department of Justice, acknowledged receipt of his appeal by letter dated May 29, 2007. OIP has made no determination regarding plaintiff's request. (See Exhibit D).

7. In further reviewing this matter in connection with this litigation, the FOIPA Specialist telephoned the U.S. Marshal's office, Western District of Texas in an effort to locate records responsive to plaintiff's request. As a result of this telephone conversation, nineteen (19) additional pages pertaining to inspection reports for the GEO facility were located. Further, the USMS released to plaintiff by letter dated November 2, 2007, the Intergovernmental Service Agreements and Modifications consisting of forty-five (45) pages in connection with a subsequent FOIA request from plaintiff dated February 9, 2007. This material was released to plaintiff with minimal deletions pursuant to exemption 2 of the FOIA, 5 U.S.C. Section 552(b)(2). (See Exhibit F).

8. By letter dated November 20, 2007, the USMS made a supplemental release to plaintiff of the nineteen (19) pages with limited information redacted and withheld pursuant to exemptions 2 and 7(C), 5 U.S.C. Section 552(b)(2) and (b)(7)(C). (See Exhibit E).

3

## Exemptions Cited and Basis for Withholding

9. Exemption 2 allows an agency to withhold matter related solely to internal rules and practices. The responsive material in this case meets the test of "predominant internality", set forth in Crooker v. BATF, 670 F.2d 1051 (D.C. Cir. 1981). The internal USMS inspection report assists the USMS during its efforts to obtain essential jail space through an intergovernmental agreement with the local facility. The report is prepared by a designated USMS Criminal Investigator assigned to the judicial district in which the facility is located and is based on an on-site inspection of the facility and/or information received from the facility staff. Thus, the inspection report is purely an informal document which assists the program officer in deciding whether or not to execute, renew, renegotiate, cancel, etc., an intergovernmental agreement with the jail facility. The Intergovernmental Service Agreement (IGA) is a formal written contractual agreement between the USMS and a state, local or county government which is executed for the housing, care and safekeeping of federal prisoners. The IGA describes the services to be acquired and their cost.

The information withheld pursuant to exemption 2 consists solely of the security staffing allocation within the facility, and reflects information provided by official jail sources in a candid exchange of information between the jail and the USMS. Disclosure of the number of security staff recommended would enable prisoners to establish a checklist of security concerns that the jail may not have addressed. Disclosure of such information increases the risk of disturbances and attempts to escape from jail, take hostages, fashion and conceal weapons, smuggle contraband, and injure staff or other prisoners, and could endanger the safety of law enforcement personnel, prisoners, and members of the public if the information was publicly known. In

4

addition, disclosure of deleted information would impair the effectiveness of the inspection and contracting process by chilling cooperation by jail administrators. Such cooperation is essential to the continuing effective operation of the executed intergovernmental agreement and future agreements for the care and custody of federal prisoners. In addition, there is no legitimate public interest in disclosure of this purely internal information. Accordingly, exemption 2 was applied to withhold this information from disclosure.

10. Exemption 7(C) allows an agency to withhold records or information compiled for law enforcement purposes to the extent that the production could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. Section 552(b)(7)(C). This exemption was applied to the pages released to plaintiff to withhold the names and information identifiable to USMS and state employees who performed the inspection; and a non-federal law enforcement officer. In this case, all the records in question were compiled by the USMS pursuant to its law enforcement responsibilities related to the housing and safekeeping of federal prisoners in the custody of the U.S. Marshal. See 28 C.F.R. Sections 0.111(k), (o). Thus, the records at issue in this case were compiled for law enforcement purposes as required by exemption 7 of the FOIA.

Plaintiff presents no public interest to warrant disclosing the names of these individuals, nor does the USMS believe that public disclosure of this information is warranted. To the contrary, the release of the names of these employees could subject these individuals to unwarranted public attention, harassment, and annoyance, and would thereby impair the effectiveness of these employees in carrying out their official duties and potentially cause unwarranted attention to them in their private lives, and could possibly pose a danger to their life

or physical safety. Absent a legitimate public interest, disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. In considering whether the public interest in disclosure outweighed the individual's interest in privacy, the USMS determined that no legitimate interest would be served by disclosure of this information. Further, plaintiff provides no indication as to how disclosure of such information would meet the basic purpose of the FOIA i.e., to shed light on an agency's performance of its statutory duties, nor can the USMS discern any public interest in disclosure which would outweigh the privacy of these individuals. Disclosure to plaintiff would be equivalent to disclosure to the public and, as such, would constitute a clearly unwarranted invasion of personal privacy since no legitimate public interest would be served by disclosure. 5 U.S.C. § 552(b)(7)(C).

11. A description of the pages released to plaintiff with excisions made by the USMS pursuant to exemptions 2 and 7(C) of the FOIA is provided as follows:

| Document Released with Certain Information Deleted and Withheld | | No. of Pages |
|---|---|---|
| Item 1: | USMS Detention Facility Investigation Report dated 6/21/06<br>**Exemption 2 - Removed facility security staffing allocations;**<br>**Exemption 7(C) - Removed names and information**<br>**identifiable to USMS personnel and third party law enforcement officer** | 2 |
| Item 2: | USMS Detention Facility Investigative Report dated 9/14/07<br>**Exemption 2 - Removed facility security staffing allocations;**<br>**Exemption 7(C) - Removed names and information**<br>**identifiable to USMS personnel and third party law enforcement officer** | 3 |
| Item 3: | Texas Commission on Jail Standards, Central Texas Parole Violators<br>Facility, San Antonio, Texas - County Jail Inspection Reports<br>dated July 14-15, 1999; and June 28-29, 2001<br>**Exemption 7(C) - Removed names of state employees** | 2 |

**Intergovernmental Service Agreement (IGA) and Modification - Released Novermber 2, 2007 with Information Deleted and Withheld**

| | | |
|---|---|---|
| Item 4: | IGA (Form USM-241) - Bexar County Adult Detention Center, San Antonio, Texas dated 8/1/96 **Exemption 2 - Removed the facility security staffing allocation** when guarding and moving prisoners | 1 |
| Item 5: | Modification of IGA (Form USM-241a) - Guadalupe County Jail, Sequin, Texas dated 1/1/06 (w/duplicate) **Exemption 2 - Removed the facility security staff allocation** | 2 |

12. In summary, a total of seventy-six (76) pages were located which were responsive to plaintiff's requests. Forty (40) pages of Intergovernmental Agreements and Modifications were released to plaintiff in their entirety by letter dated November 2, 2007. Of this material, the USMS released seventy-six (76) pages to plaintiff of which, sixty--four (64) pages were released in their entirety, and twelve (12) pages were released with limited information excised and withheld pursuant to exemptions 2 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(2), and (b)(7)(C).

13. All non-exempt portions of USMS documents responsive to plaintiff's request have been segregated and released to him.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my information and belief.

**WILLIAM E. BORDLEY**

Date Executed: NOV 2 6 2007

7

Mr. Lafayette Colline, Marshal
655 E. Durango, Suite 235
San Antonio, Texas, 78206

U.S. MARSHAL
RECEIVED
MAY 3 0 2006
SAN ANTONIO, TX

May 22, 2006

Dear Sir:

Pursuant to the Freedom of Information Act I am requesting copy of records from GEO, to include
1. medical records, to include the medication dispensing charts
2. All grievances filed on Step 1 and Step 2.
3. I would also like to have review of the medical standards adopted by GEO.
4. A copy of any and all reports prepared by your agency in determining whether GEO has been in compliance with the contractual agreement, for the years 2005 - 2006.
5. A copy of all "final" inspection reports showing that GEO has been in compliance with the contractual agreement for the years 2000 to 2006.

Sincerely,

Eduardo M. Benavides
UM 89008-132
218 S. Laredo, Texas, 78207



A





**U.S. Department of Justice**

United States Marshals Service

*Western District of Texas*

San Antonio, TX 78206

June 12, 2006

**MEMORANDUM TO:**   Wm. Edward Bordley
Senior Associate General Counsel
FOI/PA Coordinator
Office of General Counsel

**FROM:**   John D. Butler
Chief Deputy United States Marshal
Western District of Texas

**SUBJECT:**   FOIA Request

Recently, this office received the attached letter from prisoner Eduardo M. Benavides requesting a copy of the contractual agreement between the United States Marshals Service (USMS) and the GEO Group (contractor for a jail facility in San Antonio, Texas) under the Freedom of Information Act (FOIA). For your convenience, enclosed is a copy of the IGA.

As is customary, Prisoner Benavides has been advised that his FOIA request has been referred to your office for further consideration and that any future correspondence specific to this request should be written directly to USMS headquarters.

Please feel free to call me at (210) 472-6540 if you have any questions.

C:\Documents and Settings\TEA.usys-Oritz5\My Documents\my files\foia.req\benavides.edwardo.prisoner foia.req.05.31.06.doc

July 6, 2006

Eduardo M. Benavides
Reg. No. 89008-132
218 S. Laredo
San Antonio, TX 78207

Re:    **Freedom of Information/Privacy Act Request
       No. 2006USMS9595**

Dear Mr. Benavides:

The United States Marshals Service is in receipt of your Freedom of Information/Privacy Act request for records maintained by this Bureau which you directed to the U.S. Marshal's Office in San Antonio, Texas. We have commenced a search for documents responsive to your request and will contact you when our processing is complete.

Although we are unable to determine at this time the amount of fees to be charged to you, if any, the filing of your request constitutes your agreement to pay all applicable fees that may be charged under 28 C.F.R. § 16.11 or § 16.49, up to $25.00. You will be notified as soon as practicable if the estimated or actual fee for satisfying your request exceeds $25.00.

Should you have any questions, please contact the FOIA Service Center or Shaaron L. Keys at 202-307-9059.

Sincerely,

**WILLIAM E. BORDLEY**
**Associate General Counsel, FOIPA Officer**
**Office of General Counsel**

FILE COPY



December 1, 2006

Eduardo M. Benavides
Reg. No. 89008-132
218 S. Laredo
San Antonio, TX 78207

Re:    **Freedom of Information Act Request No. 2006USMS9595**
       **Subject: GEO Records and Inspection Reports**

Dear Mr. Benavides:

This is in response to your above request.

Pursuant to your request, the Marshals Service conducted a search of its records and located the "2006 Detention Facility Investigative Report" which is responsive to your request. This document consisting of twelve (12) pages is being released to you with deletions. Internal administrative matters and the names and information identifiable to government personnel and third-party individuals is being deleted from this material pursuant to exemptions 2 and 7(C) of the Freedom of Information Act, 5 U.S.C. Section 552(b).

Exemption 2 permits an agency to withhold matter related solely to internal personnel rules and practices. The material withheld under this provision meets the test of "predominant internality", set forth in <u>Crooker v. BATF</u>, 670 F.2d 1051 (D.C. Cir. 1981). Disclosure would significantly impede the effective operation of the USMS law enforcement efforts and could risk circumvention of the law. Exemption 7(C) alllows this Bureau to withhold records or information compiled for law enforcement purposes to the extent that the disclosure of such records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy. As such, this material is inappropriate for discretionary release.

Please find the above-mentioned 12 pages enclosed.

FILE COPY

The Marshals Service maintains no records responsive to the remainder of your request. We suggest you direct your request to GEO Group for any records responsive to your request.

If you are dissatisfied with my action on this request, you may appeal from this partial denial by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, NW, Suite 11,050, Washington, D.C. 20530-0001, within 60 days of your receipt of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." In the event you are dissatisfied with the results of any such appeal, judicial review will thereafter be available to you in the United States District Court for the judicial district in which you reside or have your principal place of business, or in the District of Columbia.

Sincerely,

**WILLIAM E. BORDLEY**
**Associate General Counsel/FOIPA Officer**
**Office of General Counsel**

Enclosures

2/07

1. 07-1490    File With
2. 07-1491

7 FOIA
(A)
USMS
Closed
12/1/06
Partial
Disclosure

Office of Information Planning
Director
United States Department of Justice
1425 New York Avenue, N.W.
Suite 11,050
Washington, D.C. 20530-0001

OFFICE OF INFORMATION
AND PRIVACY

MAY 0 6 2007

RECEIVED

1. #2006USMS9595
2. #2007USMS10433
Still Pending

March 16, 2007
Re: FOIA Request No. (2006 USMS 9595) APPEAL
And Appeal to Request dated February, 2007

Dear Sir;

It has been more than 30 days that I filed an appeal
with your agency is FOIA Request No. 2006 USMS 9595.
Since the filing of the appeal I have moved to a
new address. Please advise the disposition of my
appeal.

Moreover, I filed another request dated February 9,
2007, with the USMS. See attached copy. Because
it has been more than 30 days and have not received
a response I am also appealing to your office.

Please forward any response regarding the
above appeals to my new address listed below.

**EXHIBIT D**

Sincerely,

EDUARDO BENAVIDES

0703308
Guadalupe County Jail
2615 Guadalupe St.
Seguin, Texas, 78155

Original sent
to OIP
5-17-07

Office of Information & Privacy
Director,
United States Department of Justice
1425 New York Avenue, N.W.
Washington, D.C., 20530-0001

RECEIVED
07 MAY 17 PM 1:45

May 7, 2007

Re: FOIA Request 2006 USMS9595

Dear Sir,

    I filed an Appeal Approx 4-5 months ago.
Please Advise the status of appeal. I have
written twice and have gotten no Response.
    Your Asistance in this matter would be appreciated.

Sincerely,

Edinelo Bavarbe
0703308
Guadalupe County Jail
2615 N. Guadalupe St.
Seguin, Texas, 78155



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**MAY 29 2007**

Mr. Eduardo Benavides
No. 0703308
Guadalupe County Adult Detention Center
2615 N. Guadalupe Street
Sequin, TX  78155

     Re:  Request No. 2006USMS9595

Dear Mr. Benavides:

     This is to advise you that your administrative appeal from the action of the United States Marshals Service was received by this Office on May 6, 2007.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-1490.**  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                       Sincerely,

                       Priscilla Jones
                       Supervisory Administrative Specialist



November 20, 2007

Eduardo M. Benavides
Reg. No. 89008-132
Laredo Jail
218 S. Laredo
San Antonio, TX 78207

      Re:    **Freedom of Information Act Request No. 2006USMS9595**
                 **Subject: GEO Records and Inspection Reports**

Dear Mr. Benavides:

      As a result of your instant litigation, the U.S. Marshals Service conducted a new search of its records and located an additional nineteen (19) pages of information responsive to your request. These nineteen (19) pages are being released to you with limited deletions. We will continue to withhold information from these documents pursuant to exemptions 2 and 7(C) of the Freedom of Information Act, 5 U.S.C. Section 552(b).

      Appeal procedures are not contained in this response as this matter is in litigation.

                    Sincerely,

                    **WILLIAM E. BORDLEY**
                    **Associate General Counsel/FOIPA Officer**
                    **Office of General Counsel**

Enclosure

cc: AUSA Claire Whitaker
    District of Columbia

 EXHIBIT E

November 2, 2007

Eduardo M. Benavides
Reg. No. 89008-132
Laredo Jail
218 S. Laredo
San Antonio, TX 78207

Re:    **Freedom of Information Act Request No. 2007USMS10284**

Dear Mr. Benavides:

This is in response to your above request.

Pursuant to your request, the U.S. Marshals Service conducted a search of its records and files and located records responsive Items 1, 5, 6 through 8, of your request. Sixty (60 ) pages are being released to you with deletions. Internal administrative matters and the names of government personnel referenced herein are being deleted from this material pursuant to exemptions 2, 6 and 7(C) of the Freedom of Information Act, 5 U.S.C. Section 552(b).

Exemption 2 permits an agency to withhold matter related solely to internal personnel rules and practices. The material withheld under this provision meets the test of "predominant internality", set forth in Crooker v. BATF, 670 F.2d 1051 (D.C. Cir. 1981). Disclosure would significantly impede the effective operation of the USMS law enforcement efforts and could risk circumvention of the law. Exemption 6 allows an agency to withhold matter contained in personnel, medical and similar files the disclosure of which would constitute an unwarranted invasion of personal privacy. Exemption 7(C) allows this Bureau to withhold records or information compiled for law enforcement purposes to the extent that the disclosure of such records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Please find the above-mentioned 60 pages enclosed.

With respect to Item 2 of your request, the Marshals Service does not have a policy or regulation that defines the responsibilities and duties of the personnel in charge of complaints



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EDUARDO BENEVIDES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1232 (CKK) |
| | ) | |
| UNITED STATES MARSHALS SERVICE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## <u>ORDER</u>

Upon consideration of federal defendant's motion for summary judgment, the opposition and reply thereto, and for the reasons stated in defendant's motion, it is this _____ day of _____, 2007,

ORDERED, that said motion be, and hereby is, granted, and it is

FURTHER ORDERED, that plaintiff's complaint is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

EDUARDO BENEVIDES
#89008-132
LAREDO JAIL
218 S. Laredo
San Antonio, TX 78207

CLAIRE WHITAKER
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Room E-4204
Washington, D.C. 20530