UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDUARDO BENEVIDES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES MARSHALS SERVICE, et al. )<br>)<br>Defendants. )<br>)<br>_____ ) | Civil Action No. 07-1232 (CKK) |

**FEDERAL DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER STAYING ALL DISCOVERY**

The Department of Justice on behalf of federal defendant U.S. Marshals Service,[1] through undersigned attorneys, respectfully moves this Court for a protective order, pursuant to Rule 26(c)(1), staying all discovery until further order of this Court in this Freedom of Information Act case. The Court is respectfully referred to the attached memorandum in support of this motion.

Because plaintiff is a pro se prisoner, undersigned counsel has not conferred with him regarding this motion pursuant to Rule 26(c). See LcvR 7(m)(excluding pro se prisoners from duty to confer on non-dispositive motions). A proposed order consistent with this motion is attached hereto.

---

[1] Plaintiff has sued the United States Marshals Service ("USMS"). However, the only proper defendant under the FOIA in this case is the U.S. Department of Justice; the USMS is the component of the Department of Justice that maintains the files at issue. 5 U.S.C. §§ 552(a)(4)(B) and (f)(1). Thus, the Department of Justice should be substituted as the federal defendant in this action.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

\_\_\_/s/_____
CLAIRE WHITAKER, Bar #354530
Assistant United States Attorney
555 4th St., N.W.
Room E4204
Washington, D.C. 20530
(202) 514-7137

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDUARDO BENEVIDES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1232 (CKK) |
| ) | |
| UNITED STATES MARSHALS SERVICE, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

**FEDERAL DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER STAYING ALL DISCOVERY**

The Department of Justice respectfully files this Memorandum in support of its Motion for Protective Order Staying All Discovery. This case arises under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). See Compl. at 1. Federal defendant filed its Motion for Summary Judgment on November 26, 2007. See Docket No. 16. Plaintiff has served a request for interrogatories and production of documents upon the defendant which was received on January 28, 2007, while defendant's dispositive motion remains pending. See Attachment 1.

**ARGUMENT**

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. See Fed. R. Civ. P. 26(c); see, e.g., McKesson HBOC, Inc. v. Islamic Republic of Iran, 226 F.R.D. 56, 57 (D.D.C. 2004) (internal citations omitted); Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ.

P. 26(c)(1)-(3); Campbell v. U.S. Dept. of Justice, 231 F.Supp.2d 1, 7 (D.D.C. 2002) (citing Burka v. United States Department of Health and Human Servs., 87 F.3d 508, 518 (D.C. Cir.1996)). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984); see also Jackson v. Finnegan, Henderson, Farabow, Garrett, & Dunner, 101 F.3d 145, 152 (D.C Cir. 1996) ("Congress found that '[e]vidence suggests that an effective litigation management and cost and delay reduction program should incorporate ... early involvement of a judicial officer in planning the progress of a case, controlling the discovery process, and scheduling hearings, trials, and other litigation events....'") (internal citations).

Discovery is extremely restricted in FOIA actions. See Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); Public Citizen Health Research Group v. FDA, 997 F.Supp. 56, 72 (D.D.C. 1998); aff'd in part, reversed in part, 185 F.3d 898 (D.C. Cir. 1999); Katzman v. Freeh, 926 F.Supp. 316, 319 (E.D.N.Y. 1996). Although discovery is sometimes permitted with respect to the scope of an agency's search, its indexing and classification procedures, and similar factual matters, see Weisberg v. Department of Justice, 627 F.2d 365, 371 (D.C. Cir. 1980); Schaffer v. Kissinger, 505 F.2d 389, 391 (D.C. Cir. 1974); Exxon Corp. v. FTC, 384 F.Supp. 755, 760 (D.D.C. 1974), the government should first be permitted to submit its dispositive motion and supporting affidavits and have an opportunity to rebut allegations that its affidavits are insufficient. Miscavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("The plaintiff's early attempt in litigation of this kind . . . to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to

make a decision on the applicable exemptions."); Simmons v. U.S. Dep't of Justice, 796 F.2d 709, 711-12 (4th Cir. 1986) (approving district court's decision denying discovery because agency affidavit filed with summary judgment motion made need for discovery "moot"); Military Audit Project v. Casey, 656 F.2d 724, 750 (D.C. Cir. 1981); Founding Church of Scientology v. Marshals Serv., 516 F.Supp. 151, 156 (D.D.C. 1980). Discovery should be denied altogether if the Court is satisfied from the agency's affidavits that no factual disputes remain. Schrecker v. U.S. Dep't of Justice, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), aff'd, 349 F.3d 657 (D.C. Cir. 2003); Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), vacated in part, reh'g denied, 607 F.2d 367 (D.C. Cir. 1979). Nothing in plaintiff's discovery request addresses any factual matters that are properly at issue in this case.

It is also appropriate for a Court to stay discovery, where there is a dispositive motion pending because it is logical that when

> the determination of a preliminary question may dispose [of the claims against a party], applications for discovery may properly be deferred until the determination of such questions.

O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); see also Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority, 201 F.R.D. 1, 3 (D.D.C. 2001); Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980); EEOC v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). Further, where, as here, one or more issues may be dispositive of a case, it is proper to stay discovery on other issues until the dispositive issue or issues have been decided. See, e.g.,

Vivid Techs., Inc. v. American Science & Eng'g, Inc., 200 F.3d 795, 804 (Fed.Cir.1999) (describing a district court's "broad powers of case management" regarding when a "court may stay discovery concerning other issues until the critical issue is resolved"); Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved). Federal defendant has filed a motion for summary judgment on behalf of the Criminal Division and the Office of Solicitor General and will be filing one on behalf of the FBI when it has completed its processing of plaintiff's request and prepared a Vaughn Index. In light of these facts and the likelihood that a dispositive motion will resolve this case, barring unforseen circumstances not presented here, it is respectfully requested that discovery be stayed pending further order of the Court.

As the Court has broad discretion to manage the discovery process, Islamic Am. Relief Agency v. Gonzales, 477 F.3d 728, 737 (D.C. Cir.2007); Zerilli v. Smith, 656 F.2d 705, 710 (D.C. Cir. 1981), federal defendant urges the Court to defer discovery at least until resolution of its dispositive motion. See Maresse v. American Academy of Orthopedic Surgeons, 706 F.2d 1488, 1497 (7th Cir. 1983); Groves v. United States, 533 F.2d 1376, 1380 (5th Cir. 1976); see also, In re Katrina Canal Breaches Consol. Litigation, No. 05-4182, 2008 WL 186255, at *1 (E.D.La. January 17, 2008) ("a court may stay or defer decisions in the cases before it until more advanced cases or dispositive motions pending in other courts are concluded").

## CONCLUSION

For the above reasons, federal defendant respectfully requests that this Court grant its Motion for Protective Order Staying all Discovery and disallow any discovery pending further order of this Court after consideration of federal defendant's motion for summary judgment.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_____
CLAIRE WHITAKER, Bar #354530
Assistant United States Attorney
555 4th St., N.W.
Room E4204
Washington, D.C. 20530
(202) 514-7137

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon plaintiff by First-Class Mail, postage prepaid to:

EDUAARDO BENEVIDES
#89008-132
LAREDO JAIL
218 S. Laredo
San Antonio, TX 78207

on this _____ day of February, 2008.

                \_\_/s/_____
                CLAIRE WHITAKER
                Assistant United States Attorney
                United States Attorney's Office
                Judiciary Center Building
                555 4th Street, N.W.
                Room E-4204
                Washington, D.C. 20530
                (202) 514-7137

# Attachment 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDUARDO BENAVIDES, | § § | |
| vs. | § § | CIVIL NO. 07-1232(CKK) |
| UNITED STATES MARSHALS SERVICE, ET AL. | § § § | |

**PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

NOW COMES, Plaintiff EDUARDO BENAVIDES, in propria persona, pursuant to Rules 33 and 34, Federal Rules of Civil Procedure, submits the following interrogatories and request for documents to the defendant. You are directed to answer each of the interrogatories in writing under oath, and produce each of the requested documents for inspection and copying, within 30 days of service.

1. Copy of letter dated December 14, 2006, filed with OIP appealing December 1, 2006 decision.

2. Did General Counsel receive on June 26, 2006, copy of letter dated May 17, 2006, addressed to Lafayette Collins, Chief Deputy U.S. Marshal? If so, produce a copy of it and explain the reason it has not been processed.

3. Copy of the Detention Facility Investigation Reports for 2001 to 2005. Explain the reasons they have not been released and what efforts had been made to locate them.

4. Copy of Inspection Reports prepared by Texas Commission of Jail Standards 2002 to 2007 for Central Texas Parole Violators Facility. Explain the reasons they have not been released.

5. In regards to IGA-80-99-0030. Did defendant approve any assignments and contractual agreements with GEO officials. If so explain the reason they have not been released.

6. Copy of any and all assignments and agreements prepared by the United States Marshals Service that authorizes GEO to confine prisoners at Central Texas Parole Violators Facility in San Antonio, Texas.

7. Does Defendant have access to a prisoner's medical records while confined in GEO? If not, explain the reasons.

8. Has Defendant entered into any agreement with GEO to restrict or keep secret from prisoners access to their own records? If so, produce it.

9. Has Defendant entered into any agreement with GEO to restrict or keep secret from prisoners access to the contractual agreement and any of its assignments? If so, produce it.

10. Explain the reason copy of the contractual agreement IGA-80-99-0030 released to OIP by John D. Butler by letter June 12, 2006, was not included in OIP's initial release made on December 1, 2006.

11. Produce a copy of any and all agreements or assignments that define the responsibility and duties of GEO officials for housing federal prisoners at Central Texas Parole Violators Facility in San Antonio, Texas.

12. Copy of USMS Directives 9.25 to 9.33.

13. Copy of any and all polices and SOP used by USMS to monitor compliance with any agreement or assignments made with GEO,

14. Did Defendant get served with a copy of supplement complaint filed in this case?

15. Produce a copy of any and all agreements or assignments that define the responsibility and duties of GEO officials for the release of records requested by prisoners about themselves and their conditions of confinement.

16. Explain what efforts were made to locate defendant's medical records.

17. Does Defendant have access to plaintiff's grievance records? If so, explain what efforts were made to locate defendant's grievance records.

18. Does Defendant have access to the medical standards adopted by GEO? If not explain the reasons. If yes, then explain what efforts were made to locate them.

Respectfully submitted,

Eduardo Benavides
UM89008-132
218 S. Laredo
San Antonio, Texas, 78207

CERTIFICATE OF SERVICE

I, HEREBY CERTIFIY, that a true and correct copy of the above and foregoing has been forwarded to: Ms. Claire Whitaker, Assistant U.S. Attorney, United States Attorneys Office, Civil Division, 555 4th Street, N.W., Room E-4204, Washington, D.C. 20530 by mailing same 1st Class mail on this 9h day of January 2008.

Eduardo Benavides

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDUARDO BENEVIDES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES MARSHALS SERVICE, <u>et al</u>. )<br>)<br>Defendants. )<br>)<br>_____ ) | Civil Action No. 07-1232 (CKK) |

## ORDER

This matter having come before the Court on Defendant's Motion for Protective Order Staying All Discovery, and the Court having considered the entire record herein, it is hereby

ORDERED that Defendant's Motion for Protective Order Staying All Discovery is hereby GRANTED;

FURTHER ORDERED, that defendant United States Marshals Service is not required to respond to plaintiff's discovery, pending further order of this Court.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

CLAIRE WHITAKER
Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W.  E-4204
Washington, D.C. 20530

EDUAARDO BENEVIDES
#89008-132
LAREDO JAIL
218 S. Laredo
San Antonio, TX 78207