UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **EDUARDO M. BENAVIDES** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-1232 (CKK) |
| | ) | |
| **UNITED STATES MARSHALL SERVICE et al,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

On July 10, 2007, plaintiff filed a complaint under the Freedom of Information Act ("FOIA") against the United States Marshall Service ("USMS") and Global Expertise in Outsourcing Corporation ("Global").[1] On November 26, 2007, the defendant filed a motion for summary judgment. On December 4, 2007, this Court issued an order advising the *pro se* plaintiff of the obligation to respond by January 4, 2008, and warning that failure to respond could result in the dismissal of the complaint. Plaintiff requested, and was permitted, additional time through March 4, 2008 to respond to the defendant's dispositive motion. Plaintiff has not filed a response. Therefore, the Court will proceed on the motion before it.

In determining a motion for summary judgment, "the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is

---

[1] There is no evidence in the record that Global was ever served with a copy of the summons and complaint. However, the FOIA provides a private right of action only against agencies and corporation that are part of the federal executive branch and independent regulatory agencies of the federal government. *See* 5 U.S.C. §§ 552(a)(4)(B) & (f)(1). Thus, even if this Court had obtained personal jurisdiction, it would not have subject matter jurisdiction over Global in this action.

-2-

controverted in a statement of genuine issues filed in opposition to the motion." Local Civil Rule 7(h). The Court therefore treats the defendant's factual assertions as admitted. Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In a FOIA action, the Court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

The search for records in response to the plaintiff's FOIA request, as described, was adequate. (*See* Def.'s Mot. for Summ. J., Ex. 1, Decl. of William E. Bordley, ¶ 4.) It is undisputed that the defendant located 76 pages that were responsive to plaintiff's FOIA request. (*Id.* ¶ 12.) It is also undisputed that all told, through a series of releases, the defendant released 64 of the 76 pages of records in their entirety, and released the other 12 pages with limited redactions pursuant to exemptions authorized under 5 U.S.C. §§ 552(b)(2) and (b)(7)(C). (*Id.*) These exemptions appear to be have been appropriately asserted and have not been disputed by the plaintiff. It is undisputed that the defendant has released all non-exempt portions of the requested information to plaintiff. Accordingly, defendant is entitled to judgment as a matter of law.

-3-

A separate Order dismissing the case accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATED: April 28, 2008